STATE OF LOUISIANA      *      NO. 2022-K-0218

VERSUS      *

CHAZ DELATTE      *      COURT OF APPEAL

     FOURTH CIRCUIT

     * 

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 594-245, SECTION "M-4"
Honorable Robert Blackburn, Commissioner
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)


Jason Rogers Williams
District Attorney
G. Benjamin Cohen
Chief of Appeals
Victoria J. Cvitanovic
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR RELATOR/STATE OF LOUISIANA


Annie Flanagan
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

     COUNSEL FOR RESPONDENT/DEFENDANT


     **WRIT GRANTED; REVERSED**

     **MAY 11, 2022**

JCL

RLB

SCJ

Defendant was arrested on September 22, 2021 for theft of goods valued at over $1000.[1] At Defendant's first appearance on the following day, the magistrate commissioner set a rule to show cause on November 7, 2021 pursuant to La. C.Cr.P. art. 701. On November 7, 2021, the rule to show cause was continued to December 21, 2021. Because defendant was released on bond, on December 21, 2021, the rule to show cause was reset to February 20, 2022.[2] At the show cause hearing conducted on February 20, 2022, the commissioner ordered Defendant released from his bond obligation.[3] The State timely filed a writ seeking review of the release order.

The State first argues that the commissioner abused his discretion in ordering Defendant's release pursuant to La. C.Cr. P. art. 701 without a contradictory hearing. Recently, this Court in *State v. Sidney Cheneau*, 22-0084 (La. App. 4 Cir. 3/22/22), ___ So.3d ___, 2022 WL 842628, held that art. 701 does

---

[1] According to the arrest register, Defendant was booked with violation of La. R.S. 14:67.10. We note this statute was repealed by Acts 2017, No. 281, § 3.

[2] La. C.Cr.P. art. 701(B)(2)(a) requires that when a defendant is not continued in custody subsequent to arrest for a felony, an indictment or information be filed within one hundred fifty days of the defendant's arrest.

[3] On February 22, 2022, the State filed a bill of information charging Defendant with theft of items valued in excess of $1000 but less than $5000, a violation of La. R.S. 14:67(B)(3).

1

not require a prior defense motion requesting release and that a magistrate commissioner has authority to set a rule to show cause hearing pursuant to art. 701 absent a prior motion requesting release by the defendant.

In the matter *sub judice*, because Defendant was out on bail, the State had one hundred and fifty days from the date of Defendant's arrest to file an indictment or bill of information. *See* La. C.Cr.P. art. 701(B)(2)(a). On December 21, 2021, the commissioner set the hearing on the rule to show cause on February 20, 2022, the one hundred fifty-first day after Defendant's arrest. The State had adequate notice that it must show good cause on February 20, 2022 why Defendant should not be released from his bail obligation pursuant to art. 701. The record reflects that the rule to show cause hearing was held on February 20, 2022 with the State present. We find that a contradictory hearing was conducted prior to Defendant's release under art. 701.

The State next argues that at the time of the show cause hearing, the deadline for instituting prosecution set forth in La. C.Cr.P. 701 had not run and that the commissioner therefore erred in ordering the release of Defendant's bail obligation. We agree.

The one hundred fiftieth day after Defendant's arrest fell on February 19, 2022, which was a Saturday.[4] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law . . . [t]he last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday."

---

[4] The State asserts incorrectly that "150 days fell on Sunday, February 20, 2022." State's Writ Application, p. 2.

Under La. R.S. 1:55(A)(1) and (2), Sunday is a legal holiday, and, in certain parishes, including Orleans parish, Saturday is a legal holiday. *See also State v. Thom*, 615 So.2d 355, 364 (La. App. 5th Cir. 1993) (recognizing Saturdays and Sundays as legal holidays for purposes of computation of time under La. C.Cr.P. art. 13). The following Monday, February 21, 2021, was Washington's Birthday (Presidents' Day), a legal holiday. *See* La. R.S. 1:55(A)(1) and (E)(1)(a)(i). These three days should be excluded from the art. 701 deadline computation. The State had until February 22, 2022 to timely institute prosecution. We find that the magistrate commissioner erred in ordering Defendant's release prior to the expiration of the 701 deadline. Accordingly, we grant the writ and reverse the commissioner's order releasing the bail obligation.

**WRIT GRANTED; REVERSED**